UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MAX O.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:20-cv-06210-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING**

Plaintiff appeals the ALJ's decision finding him not disabled. He contends the ALJ erroneously discounted two medical opinions and his testimony.[1] Dkt. 15 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 62 years old, has a GED with additional training as a medical assistant, and previously worked in a restaurant as a food server, host, and server assistant. Tr.

---

[1] For the first time on reply, Plaintiff also raises a constitutional challenge to the terms of the Commissioner's appointment. Dkt. 19 at 1-4. The Court need not address the constitutional claim because the case is remanded for other reasons. *See e.g. Copeland v. Ryan*, 852 F.3d 900, 905 (9th Cir. 2017) (Court of appeals declined to consider violation of the Eleventh Amendment where matter could be resolved on other independent grounds.).

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING - 1

411-12.  In September 2015, he applied for benefits, alleging disability as of June 20, 2010.[2]  Tr. 354-63.  His application was denied initially and on reconsideration.  Tr. 202-09, 211-12.  The ALJ conducted a hearing in October 2017 (Tr. 73-101), and subsequently issued a decision finding Plaintiff not disabled.  Tr. 171-96.

The Appeals Council granted Plaintiff's request for review and reversed the ALJ's decision and remanded for further administrative proceedings.  Tr. 198-99.  The ALJ held another hearing in February 2020 (Tr. 102-16), and subsequently found Plaintiff not disabled.  Tr. 13-35.  As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision.  Tr. 1-7.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[3] the ALJ found:

**Step one:**  Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date.

**Step two:**  Plaintiff had the following severe impairments: bipolar disorder, methamphetamine and alcohol abuse in current treatment/remission, unspecified anxiety disorder, left shoulder impingement syndrome, insomnia, and seizure disorder.

**Step three:**  These impairments did not meet or equal the requirements of a listed impairment.[4]

**Residual Functional Capacity ("RFC"):**  Plaintiff can perform medium work with additional limitations: he can frequently handle and finger with his dominant left hand.  He can occasionally reach overhead with his dominant left arm.  He can occasionally climb ladders, ropes, and scaffolds.  He can occasionally crawl.  He cannot be exposed to hazards such as unprotected heights and large moving equipment.  He can understand, remember, and apply information consistent with the completion of tasks characterized in the Dictionary of Occupational Titles as unskilled with a specific vocational preparation level of 2 or less, in a setting with no more than superficial public contact.

---

[2] Plaintiff subsequently amended his alleged onset date to September 22, 2016.  Tr. 13.

[3] 20 C.F.R. §§ 404.1520, 416.920.

[4] 20 C.F.R. Part 404, Subpart P, Appendix 1.

**Step four:**  Plaintiff cannot perform his past work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 13-35.

# DISCUSSION

A. **Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony on the grounds that (1) the objective medical evidence did not corroborate and was inconsistent with his allegations of disabling limitations, (2) Plaintiff's seizures did not require more than conservative treatment and did not result in disabling limitations, (3) Plaintiff's physical and mental activities are inconsistent with disabling limitations, and (4) Plaintiff's mental health treatment notes show improvement with treatment and many normal findings inconsistent with disabling mental limitations.  Tr. 21-27.  An ALJ must provide clear and convincing reasons to discount a claimant's testimony, absent evidence of malingering.[5]  See Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff raises narrow challenges to the ALJ's assessment of his allegations: Plaintiff argues the activities cited by the ALJ suggest he could perform light work, rather than the medium work assessed in the RFC determination.  Dkt. 15 at 13-14.  Plaintiff also argues the physical activities listed by the ALJ do not demonstrate his ability to work full-time.  Id. at 14.  Plaintiff also argues his depression persisted even with treatment (id.), which undermines the ALJ's finding of improvement with treatment.

---

[5] There is some evidence of malingering in this case: an examining psychologist diagnosed Plaintiff with rule-out memory malingering, based on his mental status examination performance and score on a malingering test.  See Tr. 1045, 1047.  The ALJ nonetheless provided reasons to discount Plaintiff's allegations.

ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING - 3

1    Plaintiff has failed to challenge all of the ALJ's reasons to discount his allegations, and thus has failed to allege a harmful error in the ALJ's assessment of his allegations. Even if Plaintiff is correct that some of the ALJ's reasons are erroneous, his failure to challenge the others renders that error harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

**B.    Medical Opinion Evidence**

Plaintiff challenges the ALJ's treatment of the medical opinion of treating physician Keiran Shute, M.D., and the opinion of examining psychologist Peter Weiss, Ph.D. Plaintiff applied for benefits before March 27, 2017. The regulations set forth in 20 C.F.R. § 416.927 thus apply to the ALJ's consideration of medical opinions. Where not contradicted by another doctor, the ALJ may reject a treating or examining doctor's opinion only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

*1.    Dr. Shute*

In July 2017, Dr. Shute opined Plaintiff was limited to light work. Tr. 1034-38. The Appeals Council remanded the prior ALJ decision because the ALJ gave significant weight to Dr. Shute's opinion, but made an RFC assessment that was inconsistent with the doctor's opinion. Tr. 198-99. The Appeals Council ordered the ALJ to reconsider Dr. Shute's opinion on remand. *Id*.

In the present decision, the ALJ gave Dr. Shute's opinion little weight on the grounds the doctor's treatment notes were inconsistent with the limitations he assessed. Specifically the ALJ found the notes (1) contain many normal shoulder findings; (2) the doctor recommended physical therapy and pain medication, which is conservative treatment; and (3) Dr. Shute advised Plaintiff to exercise 4-5 hours/week, at an aerobic heart rate level, without any restrictions. Substantial evidence does not support the ALJ's finding. Dr. Shute opined Plaintiff's limitations flow from "Chronic neck/ Lumbar pain" and the portions of the record do not contradict this opinion. Tr. 1035. There is nothing indicating normal shoulder findings defeat the findings regarding neck and lumbar pain. Although the ALJ found Plaintiff's treatment conservative, the doctor did not indicate he was prescribing physical therapy, pain medication or aerobic exercise because he did not believe Plaintiff did not have genuine pain complaints, calling for other treatment. Further Dr. Shute indicated the pain condition Plaintiff suffers from is often "best treated with a multidisciplinary approach that involves an increase in physical activity to prevent deconditioning and worsening the pain cycle." Tr. 798. The ALJ provides no basis to reject this approach or that a more "aggressive" approach was warranted for a person with the pain symptoms Dr. Shute was treating.

The Commissioner argues the ALJ properly discounted Dr. Shute's opinion because Plaintiff's pain was well controlled by medications. Tr. 794.  The ALJ did not rely upon this ground to discount Dr. Shute's opinion and thus neither can the Court. Moreover, the record does not establish Plaintiff's pain was remedied by medication or that medications would provide lasting relief. Rather the record indicates Plaintiff suffers from "Chronic Neck Pain" and that pain medication was an "interventional" strategy that would allow him to participate in physical activity that the doctor believed would lead to long lasting pain reduction.  *Id.*

ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING - 5

The ALJ also rejected Dr. Shute's opinion as internally inconsistent and thus unclear and unreliable. Dr. Shute's opined Plaintiff was limited to light work and rated Plaintiff as moderately limited in his ability to perform work activity. Dr. Shute also "circled" mild in the "Definition" section of his assessment. Tr. 1035. The ALJ found circling "mild" is inconsistent with assessing Plaintiff has "moderate" limitations and is limited to light work. Tr. 29. This inconsistency should have been clarified rather than serving as a basis to find Dr. Shute's opinion is "unreliable."  Dr. Shute's assessment Plaintiff is moderately limited and can perform only light work appear to be consistent with one another. There is no inconsistency regarding these two findings which forms the core of the doctor's assessment. The ALJ should have clarified the ambiguity regarding why the doctor circled "mild" rather than tossing the entire assessment out. This is because the ALJ must develop the record to resolve ambiguity.  "Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to 'conduct an appropriate inquiry.'" *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir.2001). The ALJ failed to clarify the ambiguity and thus harmfully erred.

Plaintiff questions the ALJ's sincerity in discounting Dr. Shute's opinion when the first ALJ fully credited the opinion.  Dkt. 15 at 7. The Court cannot speculate about the ALJ's motivation for discounting Dr. Shute's opinion and instead focuses on the legal and factual sufficiency of the ALJ's stated rationale.

In short, the Court concludes the ALJ erred in rejecting Dr. Shute's opinion. The error was harmful as it resulted in a RFC determination that did not account for all of Plaintiff's limitations.

   2.   Dr. Weiss

ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING - 6

Dr. Weiss examined Plaintiff in June 2019 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations as ranging from mild to severe. Tr. 1580-83. The ALJ found Dr. Weiss's opinion to be inconsistent with the many normal mental findings in the record as well as Plaintiff's range of activities, to the extent that Dr. Weiss described disabling limitations. Tr. 32.

Plaintiff does not dispute that the record contains normal findings, but focuses on the abnormal findings documented by Dr. Weiss as well as those contained in treatment postdating Dr. Weiss's examination. Dkt. 15 at 10. Plaintiff also argues the normal findings demonstrate that Plaintiff's mental conditions wax and wane without sustained improvement, and such fluctuating symptoms would not undermine Dr. Weiss's opinion. Dkt. 15 at 10-12. Lastly, Plaintiff argues the activities cited by the ALJ are not necessarily inconsistent with Dr. Weiss's opinions as to his workplace limitations, because none of the activities were performed under work-like conditions. Dkt. 15 at 12.

Plaintiff has not shown the ALJ impermissibly cherry-picked normal mental findings from a record that in fact documents symptoms that wax and wane without sustained improvement. The ALJ cited many records referencing normal findings (*see* Tr. 32), and Plaintiff relies on scant evidence from February-May 2019 documenting a flare of symptoms related to a new seizure-related diagnosis. *See* Tr. 1477-79. This short-lived exacerbation does not demonstrate the ALJ erred in finding that the treatment record generally indicated normal functioning, a finding supported by substantial evidence in the longitudinal record. *See* Tr. 32 (citing Tr. 726, 897, 919, 936, 947, 1013-14, 1016, 1018, 1033, 1094, 1111, 1113, 1116-17, 1121-23, 1125-26, 1128-29, 1131, 1151, 1257, 1275, 1392, 1404, 1406, 1408-09, 1482-83, 1486, 1488-89, 1491-93). Plaintiff has not shown that the ALJ erred in finding Dr. Weiss's opinion to

be inconsistent with the record, or in discounting the opinion on that basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record). Any error in the remainder of the ALJ's assessment of Dr. Weiss's opinion is harmless in light of this valid reasoning, and thus the Court affirms the ALJ's assessment of Dr. Weiss's opinion.

## CONCLUSION

The Court finds the ALJ harmfully erred. Plaintiff contends the Court should remand the case for an award of benefits. However, as noted above, the ALJ erred by failing to develop the record regarding Dr. Shute's opinion. Remand for further proceedings is thus necessary for the ALJ to undertake this task and reassess the evidence. Accordingly, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand the ALJ shall reevaluate Dr. Shute's opinion, getting clarification from the doctor, develop the record and redetermine Plaintiff's RFC as needed and proceed to the remaining steps as appropriate.

DATED this 30th day of July 2021.

BRIAN A. TSUCHIDA
United States Magistrate Judge